UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MIRACLE HURSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-02768-TWP-DLP |
| | ) | |
| INDIANA GAMING COMPANY LLC, d/b/a | ) | |
| HOLLYWOOD CASINO LAWRENCEBURG, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed by Defendant Indiana Gaming

Company LLC ("Indiana Gaming") ([Filing No. 10](#)).   On November 2, 2021, *pro* se Plaintiff

Miracle Hurston ("Hurston") filed a Complaint against Indiana Gaming, asserting six claims based

on alleged racial confrontations and incidents involving Hollywood Casino Lawrenceburg (the

"Casino"), which is operated by Indiana Gaming ([Filing No. 1](#)).   Indiana Gaming moves to dismiss

arguing that this case is duplicative of another case pending in this Court, is improperly claim

splitting, and fails to state a claim upon which relief can be granted.   For the following reasons,

the Court **grants** the Motion to Dismiss.

## I.      BACKGROUND

On December 11, 2019, Hurston initiated litigation under Case Number 1:19-cv-04890-

TWP-DLP against Indiana Gaming for a number of alleged racial confrontations and incidents

involving the Casino's employees and patrons (Dkt. 1).[1]   Hurston asserted claims of race

discrimination, breach of contract, harassment, retaliation, conspiracy, and negligence—all under

Indiana state law.   *Id.*   On December 16, 2019, the Court screened Hurston's Complaint,

---

[1] All citation references to "Dkt." refer to filings in Case Number 1:19-cv-4890 between Hurston and Indiana Gaming.

determined that subject-matter jurisdiction was lacking, and allowed Hurston to file an amended complaint (Dkt. 4). On January 21, 2020, Hurston filed his first Amended Complaint, alleging race discrimination under Title II of the Civil Rights Act of 1964, false imprisonment, intentional infliction of emotional distress, breach of contract, harassment, retaliation, conspiracy, and negligence (Dkt. 5). On April 17, 2020, Hurston filed his Second Amended Complaint, removing the harassment, retaliation, and conspiracy causes of action, and adding a claim under 42 U.S.C. § 1981 (Dkt. 17).

On October 26, 2020, the Court granted a motion to dismiss Hurston's claim for violation of Title II of the Civil Rights Act of 1964 as well as his false imprisonment and negligence claims (Dkt. 49 at 23). Hurston's claims of Section 1981 discrimination, intentional infliction of emotional distress, and breach of contract were permitted to proceed. *Id.* Following additional requests to amend his pleadings, on May 12, 2021, Hurston filed a motion for leave to file his fifth amended complaint (Dkt. 113). The Court granted Hurston leave to file his fifth amended complaint, which was filed on June 11, 2021 (Dkt. 128). The Fifth Amended Complaint, which is the operative complaint in Case Number 1:19-cv-4890, brings claims against Indiana Gaming for violation of 42 U.S.C. § 1981, intentional infliction of emotional distress, and breach of contract. *Id.* That case between Hurston and Indiana Gaming is still pending and the cross-motions for summary judgment, which were filed in June and July 2021, are ripe for ruling (Dkt. 139; Dkt. 145).

On November 2, 2021, Hurston filed the instant Complaint against Indiana Gaming under Case Number 1:21-cv-2768 (Filing No. 1). He brings claims for race discrimination under Title II of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, retaliation under 42 U.S.C. § 1981, retaliation under Title VII of the Civil Rights Act of 1964, retaliation under 42 U.S.C. § 12203,

and intentional infliction of emotional distress. *Id.*  The entirety of the factual allegations to support Hurston's claims is the following:

> On June 14th, 2019 the Hollywood Casino Lawrenceburg Banned [sic] the Plaintiff Miracle Hurston for the period of one year. On December 11th, 2019 the Plaintiff filed a suit alleging Discrimination under Title II of the Civil Rights Act of 1964 public accommodations (USC 2000a), and interfering with the right to contract (USC 1981) against the Hollywood Casino Lawrenceburg. On February 12th, 2021 the Plaintiff accompanied by another attended the Hollywood Casino Lawrenceburg property and engaged in placing a contract bet by playing multiple hands of Black Jack. On February 12th, 2021 the Hollywood Casino Lawrenceburg ordered the Plaintiff to remove a contract bet from the Black Jack table, forcefully removed and permanently excluded the Plaintiff from the Hollywood Casino Lawrenceburg, for filing the Discrimination lawsuit on December 11th, 2019. On February 12th, 2021 the Hollywood Casino Lawrenceburg allowed multiple Caucasian Jane and John Doe guest[s] to enjoy all benefits and privileges of the business. On February 12, 2021 the Hollywood Casino Lawrenceburg allowed multiple African American Jane and John Doe guest[s] similarly situated to the Plaintiff who had not participated in the protected act of filing a complaint of discrimination against the Hollywood Casino Lawrenceburg [to] remain and enjoy all benefits and privileges of the business.

([Filing No. 1 at 2.](#))

Within two months of service, Indiana Gaming filed a Motion to Dismiss, arguing that this case is duplicative of Case Number 1:19-cv-4890 between Hurston and Indiana Gaming, is improperly claim splitting, and fails to state a claim upon which relief can be granted ([Filing No. 10](#)).  On January 24, 2022, Hurston filed his response in opposition to the Motion ([Filing No. 16](#)), and Indiana Gaming filed its reply brief on January 31, 2022 ([Filing No. 17](#)).  Indiana Gaming's Motion to Dismiss is now ripe for ruling.

## II.    LEGAL STANDARDS

As a general rule, a federal suit may be dismissed "for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court." *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976); *Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1233 (7th Cir. 1979)). District courts are accorded "a great deal of latitude and

discretion" in determining whether one action is duplicative of another, but generally, a suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Ridge Gold*, 572 F. Supp. at 1213 (citations omitted).

*Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993).

A party "cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory.  That is called 'claim splitting,' and is barred by the doctrine of res judicata." *Carr v. Tillery*, 591 F.3d 909, 913–14 (7th Cir. 2010).  The "multiplication of suits all arising from the same dispute [is] classic claim splitting, which the doctrine of res judicata bars." *Id.* at 915.  *See also Barr v. Bd. of Trs.*, 796 F.3d 837, 840 (7th Cir. 2015) (preclusion doctrine blocks claim splitting, with a basic principle that a plaintiff cannot evade preclusion by identifying a slightly different cause of action with one element different from those in the first, second, or third lawsuits between the same parties arising from the same events.). "[T]he rule against claim splitting is based on the same principles as *res judicata* and bars not only those issues that were actually decided in a prior lawsuit, but also all issues which could have been raised in that action." *Telamon Corp. v. Charter Oak Fire Ins. Co.*, 2016 U.S. Dist. LEXIS 2617, at *4–5 (S.D. Ind. Jan. 5, 2016).  "Unlike traditional claim preclusion, however, the bar against claim splitting can be applied before either action reaches a final judgment on the merits." *Id.* at *5.

Additionally, Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633.  However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.   <u>DISCUSSION</u>

Indiana Gaming asks the Court to dismiss this action because it is duplicative of Case Number 1:19-cv-4890 between Hurston and Indiana Gaming, is improperly claim splitting, and fails to state a claim upon which relief can be granted. The Court determines that it need not reach the Rule 12(b)(6) failure to state a claim argument because the case can be disposed of based on the case being duplicative and improper claim splitting.

Indiana Gaming asserts that this is a clear instance of claim splitting and duplicative litigation. Hurston's 2021 Complaint identifies the same plaintiff and defendant who share an identity of interest in the subject matter of the litigation as Hurston's 2019 Complaint and Fifth

Amended Complaint, which are currently pending. Hurston's 2021 Complaint alleges that he has been excluded from the Casino due to the filing of his 2019 Complaint also against the same defendant. The information alleged in the 2021 Complaint arises from the same alleged events that underlie the claims brought in the 2019 lawsuit.

Hurston is now claiming that he attempted to contract with the Casino on February 12, 2021, by playing Blackjack, but that he was denied the right and ability to contract because the Casino ordered him to remove his bet from the Blackjack table and "forcefully removed and permanently excluded" him from the Casino. Hurston alleges that he was removed and excluded from the Casino because of the first lawsuit that he filed. Hurston's controlling and pending 2019 Fifth Amended Complaint referenced in his 2021 Complaint contains similar claims that the same defendant violated 42 U.S.C. § 2000a by discriminating against him when he was required to leave the Casino on multiple occasions due to the multiple contentious interactions Hurston had with the Casino's employees and patrons. The 2019 Fifth Amended Complaint alleges that Hurston was discriminated against when the Casino personnel did not book a hotel room for him after he reported an incident involving a patron using "racial hate language". It also alleges that Hurston was discriminated against when the Casino's general manager did not inform Hurston that he was banned from the Casino before he arrived at the Casino on a particular occasion. It further alleges that Casino personnel discriminated against Hurston by upholding and issuing a ban from the Casino. The 2019 Fifth Amended Complaint referenced in Hurston's 2021 Complaint also contains a claim of intentional infliction of emotional distress related to the alleged 42 U.S.C. § 1981 discrimination claims. Indiana Gaming argues this is a clear cut case of duplicative litigation and impermissible claim splitting.

Indiana Gaming points the Court to another case from this District where the court dismissed a claim of retaliation after the court found the retaliation claim could have been brought in a case already pending with the same parties. The plaintiff in that case alleged in their subsequent suit that the same parties retaliated against him for filing the first suit. The district court dismissed the retaliation claim holding it was duplicative of the already pending suit. *See Bristow v. Caraway*, 2013 U.S. Dist. LEXIS 103952, at \*4-5 (S.D. Ind. July 24, 2013).

Hurston argues in response that this litigation is based completely on a set of independent facts from the 2019 case. He argues that this case is about him engaging in a "protected act"—the filing of the 2019 case—and Indiana Gaming's response to his protected act by retaliating against him by prohibiting him from patronizing the Casino.

Indiana Gaming's position is well-taken and supported by the case law, so the Motion to Dismiss should be granted. Hurston's pleadings in both cases sue one defendant – Indiana Gaming. The parties in the two cases are identical. The factual allegations in both cases are the same – a long history of numerous contentious racial interactions between Hurston and the Casino's employees and patrons. The relief sought in the cases is the same – money damages and injunctive relief to allow Hurston to again be a patron of the Casino. While Hurston alleges that this 2021 action is based on a more recent event—his expulsion from the Casino on February 12, 2021— that event occurred well before Hurston sought leave to amend his pleadings in the 2019 case on May 12, 2021, and well before the Court granted him leave to file his Fifth Amended Complaint on June 11, 2021. Hurston could have and should have added the February 12, 2021 incident to his Fifth Amended Complaint in the 2019 case if he wanted to pursue relief for that related incident. This case is duplicative of the pending 2019 case and improperly splits claims; therefore, this case must be dismissed.

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant Indiana Gaming Company LLC's Motion to Dismiss (Filing No. 10).  Because Plaintiff Miracle Hurston's case is duplicative and improperly claim splitting, this action is **DISMISSED with prejudice**, and final judgment will issue under separate order.

A ruling in the duplicative Case Number 1:19-cv-4890 is forthcoming.

**SO ORDERED.**

Date:  3/1/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Miracle Hurston
1812 Grand Avenue
Middletown, Ohio  45044

Catherine A. Breitweiser-Hurst
JOHNSON & BELL, PC
breitweiserhurstc@jbltd.com

Edward W. Hearn
JOHNSON & BELL, PC
hearne@jbltd.com