UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MIRACLE HURSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-02768-TWP-DLP |
| ) | |
| INDIANA GAMING COMPANY LLC ) | |
| *d/b/a* HOLLYWOOD CASINO ) | |
| LAWRENCEBURG, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter is before the Court on a Motion for Reconsideration (Filing No. 25) filed by *pro se* Plaintiff Miracle Hurston ("Hurston"). On November 2, 2021, Hurston initiated this action against Defendant Indiana Gaming Company LLC d/b/a/ Hollywood Casino Lawrenceburg, ("Indiana Gaming") asserting claims based on alleged racial confrontations. (Filing No. 1.) Indiana Gaming filed a Motion to Dismiss, arguing that this case was duplicative of another case pending in this Court, was improperly claim splitting, and failed to state a claim upon which relief can be granted (Filing No. 10). On March 1, 2022, the Court granted Indiana Gaming's Motion to Dismiss, (Filing No. 23), and closed this case with a Final Judgment, (Filing No. 24). Hurston promptly filed the instant Motion, asking the Court to reconsider dismissal of this case (Filing No. 25). For the following reasons, the Motion for Reconsideration is **denied**.

**I.      BACKGROUND**

On December 11, 2019, Hurston initiated litigation under Case Number 1:19-cv-04890-TWP-DLP against Indiana Gaming for a number of alleged racial confrontations and incidents

involving the Casino's employees and patrons (Dkt. 1).[1] Hurston asserted claims of race discrimination, breach of contract, harassment, retaliation, conspiracy, and negligence—all under Indiana state law. *Id.* On December 16, 2019, the Court screened Hurston's Complaint, determined that subject-matter jurisdiction was lacking, and allowed Hurston to file an amended complaint (Dkt. 4). On January 21, 2020, Hurston filed an Amended Complaint, alleging race discrimination under Title II of the Civil Rights Act of 1964, false imprisonment, intentional infliction of emotional distress, breach of contract, harassment, retaliation, conspiracy, and negligence (Dkt. 5). On April 17, 2020, Hurston filed a second Amended Complaint, removing the harassment, retaliation, and conspiracy causes of action, and adding a claim under 42 U.S.C. § 1981 (Dkt. 17).

On October 26, 2020, the Court granted a motion to dismiss Hurston's claim for violation of Title II of the Civil Rights Act of 1964 as well as his false imprisonment and negligence claims (Dkt. 49 at 23). Hurston's claims of Section 1981 discrimination, intentional infliction of emotional distress, and breach of contract were permitted to proceed. *Id.* Following additional requests to amend his pleadings, on May 12, 2021, Hurston filed a motion for leave to file his fifth amended complaint (Dkt. 113). The Court granted Hurston leave to file a fifth amended complaint, which was filed on June 11, 2021 (Dkt. 128). The Fifth Amended Complaint, which is the operative complaint in Case Number 1:19-cv-4890, brings claims against Indiana Gaming for violation of 42 U.S.C. § 1981, intentional infliction of emotional distress, and breach of contract. *Id.* That case between Hurston and Indiana Gaming is still pending.

On November 2, 2021, Hurston filed a Complaint against Indiana Gaming in this second action under Case Number 1:21-cv-2768 (Filing No. 1). He brought claims for race discrimination

---

[1] All citation references to "Dkt." refer to filings in Case Number 1:19-cv-4890 between Hurston and Indiana Gaming.

under Title II of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, retaliation under 42 U.S.C. § 1981, retaliation under Title VII of the Civil Rights Act of 1964, retaliation under 42 U.S.C. § 12203, and intentional infliction of emotional distress. *Id.* The entirety of the factual allegations to support Hurston's claims were as follows:

> On June 14th, 2019 the Hollywood Casino Lawrenceburg Banned [sic] the Plaintiff Miracle Hurston for the period of one year. On December 11th, 2019 the Plaintiff filed a suit alleging Discrimination under Title II of the Civil Rights Act of 1964 public accommodations (USC 2000a), and interfering with the right to contract (USC 1981) against the Hollywood Casino Lawrenceburg. On February 12th, 2021 the Plaintiff accompanied by another attended the Hollywood Casino Lawrenceburg property and engaged in placing a contract bet by playing multiple hands of Black Jack. On February 12th, 2021 the Hollywood Casino Lawrenceburg ordered the Plaintiff to remove a contract bet from the Black Jack table, forcefully removed and permanently excluded the Plaintiff from the Hollywood Casino Lawrenceburg, for filing the Discrimination lawsuit on December 11th, 2019. On February 12th, 2021 the Hollywood Casino Lawrenceburg allowed multiple Caucasian Jane and John Doe guest[s] to enjoy all benefits and privileges of the business. On February 12, 2021 the Hollywood Casino Lawrenceburg allowed multiple African American Jane and John Doe guest[s] similarly situated to the Plaintiff who had not participated in the protected act of filing a complaint of discrimination against the Hollywood Casino Lawrenceburg remain and enjoy all benefits and privileges of the business.

(Filing No. 1 at 2.)

Within two months of service, Indiana Gaming moved to dismiss the second case arguing that this case was duplicative of case number 1:19-cv-4890 between Hurston and Indiana Gaming, was improperly claim splitting, and failed to state a claim upon which relief can be granted (Filing No. 10). After the Motion was fully briefed, the Court granted Indiana Gaming's Motion to Dismiss, determining that Hurston's second lawsuit was duplicative and improperly claim splitting (Filing No. 23), and the Court entered Final Judgment (Filing No. 24). On March 13, 2022, Hurston filed his Motion for Reconsideration, asking the Court to reconsider the dismissal of his case (Filing No. 25). After filing his reply brief in support of his Motion for Reconsideration, Hurston filed two "Motions to Correct or Amend Document" (Filing No. 28; Filing No. 30), asking

3

for permission to file a corrected reply brief titled "Reply in Support of Reconsideration" rather than "Supplemental in Support of Reconsideration." Because the Motions seek to simply correct the title of Hurston's reply brief and do not substantively change his filing, the Court **grants** the Motions to Correct or Amend Document (Filing No. 28; Filing No. 30).

## II. LEGAL STANDARD

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used where the court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

The purpose of a motion for reconsideration is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

Furthermore,

> Motion practice is not an exercise in trial and error or maybe-maybe not where a party can reserve arguments to present later if earlier ones fail. The Court is entitled to assume that, if [a party] had viable arguments to support its claim, it would have

4

presented them. The Court will not conduct [a party's] research and build [the party's] analysis in order to find facts and law to support [the party's] own claims.

*Brownstone Publ'g, LLC v. At&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009). A motion to reconsider "is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Id*.

"Relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *United States v. One 1979 Rolls-Royce Corniche Convertible*, 770 F.2d 713, 716 (7th Cir. 1985). A party requesting relief from a final judgment is required to make a strong showing under Rule 60(b) because of the "strong presumption against the reopening of final decisions." *Connecticut Nat's Mortg. Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir. 1990). Rule 60(b) "establishes a high hurdle for parties seeking to avoid [final] judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a [final] judgment." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

### III.    DISCUSSION

Hurston argues, "I believe the Court may have error [sic] in regards to the facts as it relates to the 'band [sic] status' of the Plaintiff." (Filing No. 25 at 2.) Hurston then repeats the same facts about being banned from the Casino that he explained in his Complaint and in his response in opposition to the Motion to Dismiss. When the Court issued its Order on the Motion to Dismiss, the Court had before it Hurston's Complaint as well as Indiana Gaming's Motion to Dismiss, Hurston's response brief, and Indiana Gaming's reply brief. The Court was fully aware of the facts as alleged then and now by Hurston, and in the dismissal Order, and the Court quoted word-for-word the entire "Fact" section of Hurston's Complaint (*see* Filing No. 23 at 3). The Court's Order shows that the Court understood the facts involving Hurston that formed the basis for this second

5

lawsuit. Hurston has failed to show that there was any error or any indication of misstatement or misunderstanding by the Court concerning the facts of this case.

In support of his Motion for Reconsideration, Hurston attached to his reply briefs his Charge of Discrimination and the Equal Employment Opportunity Commission's Dismissal and Notice of Rights documents. (Filing No. 29-2, 29-3 and Filing No. 31-2, 31-3). However, these documents are not newly discovered evidence that could support a motion for reconsideration because the documents were in Hurston's possession before he filed his Complaint, and he even attached the documents to his response brief in opposition to the motion to dismiss. Similarly, Hurston attached to his reply brief a January 20, 2021 letter from Indiana Gaming's counsel that explained Hurston was banned from the Casino. This letter does not change the facts before the Court, and importantly, the letter is not newly discovered evidence that could support a motion for reconsideration because it was in existence and in Hurston's possession before he filed his Complaint and before he opposed the Motion to Dismiss.

Hurston also argues that he was not permitted to add new claims by amending his complaint in his separate earlier-filed case, so he would be left without recourse if he was not permitted to bring this second lawsuit against Indiana Gaming. Hurston is incorrect in this assertion as explained in the Court's dismissal Order—he could have and should have asked for leave to add new allegations in his separate earlier-filed case rather than filing a duplicative, claim-splitting case.

The Court's dismissal Order demonstrates that the Court understood Hurston's pleadings and arguments and that the decision was based on the adversarial issues presented by the parties. *See Bank of Waunakee*, 906 F.2d at 1191. Hurston has made no showing that there has been a controlling or significant change in the law or facts since the submission of the issue to the Court,

6

and the Court concludes that there has been no such change. *See id*. Furthermore, the Court's dismissal Order clearly and plainly set forth the legal and factual bases for the Court's ruling and demonstrated proper application of controlling law based on authoritative legal precedent. *See Oto*, 224 F.3d at 606. Therefore, there is no basis that would warrant reconsideration of the Court's dismissal Order.

## IV. CONCLUSION

For the foregoing reasons, *pro se* Plaintiff Miracle Hurston's Motion for Reconsideration (Filing No. 25) is **DENIED**. Hurston's Motions to Correct or Amend Document (Filing No. 28; Filing No. 30) are **GRANTED**.

**SO ORDERED.**

Date: 6/30/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Miracle Hurston
1812 Grand Avenue
Middletown, Ohio 45044

Catherine A. Breitweiser-Hurst
JOHNSON & BELL, PC
breitweiserhurstc@jbltd.com

Edward W. Hearn
JOHNSON & BELL, PC
hearne@jbltd.com